Good morning, Your Honors. May it please the Court, Araceli Perez-Brizo, on behalf of the petitioner Olga Minerva Castelan Salas. With the Court's permission, I'd like to reserve two minutes for rebuttal. Okay. Keep track of your time. It counts down. Very well, Your Honor. Thank you. This is a case, Your Honor, where the immigration judge committed legal error by relying on an error of fact and by violating due process where it pre-terminated my client's applications for special rule cancellation of removal for battered spouses and regular cancellation of removal. Your Honor, on June 25, 2004, my client was arrested after an incident where she acted in self-defense against her boyfriend who tried to hit her. She was arrested on suspicion of attempted murder. However, the district attorney's office never charged her with attempted murder. Rather, they charged her under 273.5, which is a domestic violence offense, and for assault with a deadly weapon, which was a knife. I know that that's the story that's told, and it strikes me that that's the likely narrative as to what actually happened. What do we have in the record that tells us that that's what happened? Because one of the issues is the I.J. keeps saying, well, what about that attempted murder charge? I don't know what happened to it. Right. I think the Court can look at three things, Your Honor, and the immigration judge needed to consider those three things taken together. The first thing, Your Honor, is if you look at the California Department of Justice report, which was submitted, and it's at pages 178 to 180 of the record, it does show on there the date of the arrest, the violation, June 25, 2004. She was arrested on suspicion of attempted murder. There is a second entry on there for murder, but it's the same date, and it was just the booking process. If you look at the next entry, which is the disposition. Hang on a second. I've got 178, 180. Where do I look? Your Honor, page 178. Yeah. If you go to the first arrest, which is the date, June 25, 2004, that's the date of the arrest. I'm having trouble just... There's something about date of birth... Arrest... 2000...0625? That's June 25. That's correct. 0625, 2004. Okay. Got it. Okay. And on that, it says count was 187A. That was the date of the arrest. If you look at the next entry on the next page, page 179... Okay. That's attempted murder right there in the middle. Okay. Court action at the top of the page, Your Honor. The date of that disposition is December 6, 2004. 1206, 2004. And the two counts are 273.5 and 245A1. Okay. Yeah. So we have an arrest and we have a disposition. I would note there is no arrest for 273.5 or for 245A1. There wasn't a separate arrest for that. Now, if you look at the docket, which was submitted in court, starting at page 173 of the administrative record... on page 174 at the top of that, it has the date of the violations next to the counts, 273.5 and 245A1. Date of violation... I'm slow and you're fast. Okay. So I'm on page 174. What do I look at? It would be line 2 was the felony count for 273.5, filed as count 1, date of violation June 25, 2004. Okay. I'm with you. Yeah. And then line 5, same thing, felony charge 245A1, date of violation June 25, 2004. Okay. Yeah. That was the date of the arrest as reflected on the CalDOJ. And if you look on the next page, 175, both of those counts were dismissed. Okay. We have no other pending charge. Okay. I got it. And so if you also take into account her testimony, which was in court, where the judge asked her what happened, she explained, I defended myself against my boyfriend. And were these documents that you just pointed me to ever presented to the IJ? Yes, Your Honor. They were. These were submitted in court and they were received as evidence into the record. Okay. December 14, 2005 was the date that they were received by the court, and they were in court on that day. Okay. So, Your Honor, as we have just discussed, the records do establish that all counts had been dismissed. Although the respondent had been in removal proceedings since 2002, she had seven hearings, but none of these were a full evidentiary hearing on her merits for her cancellation application. At her last hearing, which was on December 14, 2005, the judge just reset it to the status of an I-360, which is a self-petition for battered spouses with CIS, for them to adjudicate that. While he did say, I don't see that these dockets are clear, these documents are clear as to the counts that she had been arrested on, he never mentioned any possibility of pre-terminating or that he was inclined to do so, nor did the government ever make such motion, which is usually the common practice. The government will make the motion and then the IJ will rule on it. Rather, he just reset it for June. Without advance warning or notice in May, he ended up vacating that court, and he ended up issuing a written decision where he said, I don't think it's necessary for the I-360 anymore because she's not eligible. We're not disputing it. However, he said, I'm going to pre-terminate the applications under the catch-all provision because she lacks good moral character for two reasons. One is, it's unclear whether charges are remaining, and two, because she was on probation for a separate offense, which was a minor petty theft. And he says, and this is kind of in her favor, he says, had it been only the petty theft, I might have been able to put that to one side. Right. Ordinarily, this would fall under the petty offense exception, which would suggest we wouldn't have this pre-termission. So Ms. Casalan takes issue for two reasons. One is, it's a legal error to rely on an error of fact, which we just discussed. The docket and the caldeology in her testimony taken together established that there were no charges pending against her. Second, Your Honor, she contends that this is a violation of her due process because she was never provided with a full and fair evidentiary hearing. Yeah, so that brings me to a question that always, you know, comes up when we're dealing with these cases. How much of this is within our jurisdiction to decide? Obviously, the due process is. Yes, Your Honor. How about an error of fact? Your Honor, an error of fact is a legal determination. I mean, you have to look at whether what the judge had in front of them is actually correct. I mean, we can't assume that anything a judge says is correct. He has to base it on rational facts and a record. So that's a legal determination, which this Court does have jurisdiction over questions of law and, as the Court pointed out, due process constitutional violations. And you're saying that when the question of fact is so clear that that's an error of law? Yes, Your Honor. It should be reviewed for substantial evidence. And in this case. . . Does it matter? In this case, timeline, does the timeline matter? How many hearings she had, how many, is that. . . How many years passed from today to the date of the first time she, and she must have known what the facts were, didn't she? She did know, Your Honor, and she explained that. . . Did she do anything to bring it to anybody's attention before she was ordered, deported? Yes, Your Honor. At least three hearings this issue came up and she testified. She provided a Cal DOJ. At a later hearing, she provided the dockets. So she did try to inform the Court the best way that she could through evidence. . . When we look at the dates that she did whatever she did, does it matter? Well, Your Honor, if the Court is saying perhaps it was because of her own fault, the delay, and the judge perhaps got frustrated because he wasn't clear in the several hearings, you know, she's still entitled to due process and warning, and the immigration judge should have informed her, I'm going to pre-terminate unless you bring me X, Y, or Z. She brought what she thought met her burden of proof, which was the Court docket and the Cal DOJ. So the timeline does not matter as long as once the judge makes the decision, the judge reviews what is before him, the full record. And in this case, I don't believe he did so and he committed an error in legal effect and never gave for a full evidentiary hearing on the good moral character issue, which is ultimately what is at play here. And a good moral character issue, this Court has already held that it is a discretionary factor when it's not a per se, although there are circuits that disagree with that and do show that, you know, it's a purely legal issue, but I think that's foreclosed by precedent in this circuit. He was supposed to balance the factors, and he didn't do that. One, because he didn't look at any of the documentary evidence that she had presented, and two, because he never gave her an opportunity to present evidence on her own behalf, never had a full evidentiary hearing, and that's the petitioner's contention that here there was a violation of due process. It looks like I'm out of time. Well, listen, both sides will get to say what they need to say, so we'll hear from the government and we'll give you a chance to respond. Thank you, Your Honor. Good morning. May it please the Court. My name is Yanal Yusuf. I represent the Attorney General. Why don't you just agree to a remand? Why don't you just agree? There's no issue here that the IJ was operating under a mistake of fact. I mean, why? I'm not even sure under the Department of Justice's current policy you would even deport her anyway, but why don't you just concede? Why do you have to fight it? Why do we have to go into issues of whether we have the power or we don't have the power? You could say, look, we don't want anyone tossed out of the country, banished, in effect, who's been here for, I don't know, since 1992 based on some erroneous error that the ALJ made, and that's the end of the case. I mean, why litigate something that seems so unjust to the hilt? The case here is that the Department of Homeland Security exercised its discretion in pursuing this case, and there's a presumption that they reviewed and considered this case. Oh, they actually found that there was evidence she was a person of good character, contrary to what the IJ said. And then the IJ, you know, bases his decision on the ground that she was convicted or charged with, rather, murder or attempted murder. I think you concede she was never charged. There was no murder charge. She didn't murder anybody, and there's no evidence that she was ever charged with attempted murder. So why don't you just say, you know, we're here to see that justice is done, and we agree to a remand. We're not questioning, we're not proposing to second-guess his discretion. Now that you know what the facts are, exercise the discretion in any way you want. The decision to exercise discretion is solely with the Department of Homeland Security, and they've ultimately decided to proceed this case forward. You know, there's a reason why the Department of Justice represents government agencies, and that's because they're a law firm, in effect, one step removed, and they can exercise a degree of discretion in terms of how the government's position is presented. Otherwise, the Department of Homeland Security could send a lawyer up here to argue for itself. We do have a process in terms of a review cases that we might feel appropriate for exercising discretion or not, but that ultimately, it depends on. The discretion to cancel removal was in the Attorney General, is it now in Homeland Security as well? Excuse me? The discretion to cancel removal. That rests with the Attorney General. Right, so you have that, you could say, we agree to a remand, and let him exercise his discretion, the Attorney General, through the bureaucratic process in any way they want, as long as it's not based on obvious error of fact. Well, here, it's in certain such cases we have a review process, and this case was ultimately not chosen as a part of that process, and whether or not DHS would prefer to exercise its discretion is solely within their authority and outside this. Keep talking about DHS when it's the Attorney General who supposedly has the discretion. I don't understand. But ultimately, whether to enforce removal orders, that discretion lies with, or to proceed in terms of terminating a case or proceeding forward with removal. We're talking about the validity of the removal order, and it's quite clear that that's based on a mistake of fact, and this woman is essentially going to be tossed out of this country after she's been here, what, since 1992? She's got three children here who are United States citizens. I mean, I don't even think you're going to actually do it. But why put her in this precarious position? Well, based on the statement that it's a mistake of fact, the immigration judge made it clear that his concern was there was a disposition of a serious charge, a serious arrest, an attempted murder arrest, that after providing her with notice and informing her of the serious, that it was her burden to establish the clarity of that disposition. I thought it was conceded by both sides that there's nothing in the record to indicate that she was ever charged with attempted murder. Well, the record's unclear with that regard, but ultimately an immigration judge is permitted to consider an arrest, especially an arrest in consideration of, as the docket indicates, an attempted murder arrest. So the immigration judge can weigh that in making a determination as to good moral character. But he didn't rely on the murder arrest. He relied specifically on the fact that the petitioner was unable to, after continuances and a specific explanation of what he would need in terms of to clarify the disposition of that serious charge. Specifically, the immigration judge stated that if the California Department of Justice background check was unclear as to the disposition of that arrest, that they could provide a police statement or state court records as to specifically what occurred in just clearing her of any of that charge. Based off of such a serious charge, the immigration judge set that as an important issue based on the fact that Which charge did he specifically rely on, attempted murder? Yes. And is it true that you can see that there's nothing in the record to indicate that she was ever charged with attempted murder? I don't know much. It doesn't seem that there is a matching charge with it. Ultimately, there is the fact that on that California Department of Justice background check, there is indication of attempted murderess. However, there is no corresponding clarification that was disposed in the petitioner's favor. What's your view of the records that we just looked at when your adversary was before us about ten minutes ago? I mean, she put her nose in the relevant records. I assume you've read them. What's your view as to what those records show? It seems that it's unclear of what exactly occurred to that attempted murder arrest. I understand there's corresponding indications as to what she was charged with, what was ultimately dismissed. But the immigration judge specifically noted that that issue was very important in terms of resolving that. So my question is, what's your view? And I mean you representing the government. Your view is that these documents make it unclear as to whether there was an attempted murder charge? Yes, Your Honor. It's based on the fact that the immigration judge under his authority set the standard in terms of which I'm not asking you about the immigration judge. I'm asking you about what's your view, what's the department's view of these state court records? Our view is that it still remains somewhat unclear in terms of what ultimately happened to that attempted murder. I think that's because you don't know how to read California records. Based off of what opposing counsel was referencing, there seems to be a difficulty in terms of determining exactly what specifically happened and what charges were dismissed, what charges were ultimately charged against the petitioner. Are you contending, I'm not sure yet, are you contending that there are still attempted murder charges pending against her that have never been dismissed? No, Your Honor. The record before the immigration judge, the immigration judge... Which is the record that we've been looking at? Yes. Okay. Before him, he specifically noted that the DACA report that he requested, he specifically informed Petitioner's counsel at the time that these attempted murder charges, there needs to be some clear disposition of them. Petitioner presented this California Department of Justice background report, which demonstrated disposition of two distinct charges, however, not the attempted murder arrest. And the immigration judge specifically informed them prior to that hearing that if it's still unclear in any manner regarding that arrest, provide either court records, a clearance letter from the police, or the arresting officer demonstrating that there's no longer any issue as to that arrest. Do you understand why you're being questioned? How can she establish a fact that isn't a fact? Either she's charged or she isn't. But she didn't determine what the charge was. The record will show what the charge was, doesn't it? So don't we look at the record and wouldn't you, as counsel, target his case this morning, look at the record and see what it shows? Yes, sir. Here the immigration judge notified her exactly what type of evidence would resolve the issue entirely. And Petitioner failed to present that evidence to the immigration judge at that time, specifically, as I stated, a court clearance record, something related to the arrest from the police station, the arresting officer, something just to clarify exactly what happened to that. I view that the immigration judge saw this as a very serious charge that needed to be clearly resolved in order to establish the petitioner's good moral character. You know, if you just look at the record, I'm now on AR-179, with respect to where the attempted murder, okay, are you with me? It's kind of in the middle of the page. Yes. It says arrested, detained, cited. No charge. It's an arrest. So she's arrested on suspicion of attempted murder. That doesn't mean that she's charged. You got that? Yes. I mean, there are two different things that happen in California. Yes. You get arrested, and then charges can be brought. Often they're not brought. In fact, I've got a separate case involving another California statute. One-third of felony arrestees in California are never convicted, and a fair number of the third who are never convicted are never charged. Well, this looks as though she's been arrested, and there's no indication of a charge. And there are two charges that are dismissed. But if she's only arrested for attempted murder and never charged with attempted murder, there's never going to be a dismissal of a charge because there's never going to be a charge. I understand that, Your Honor, and that specifically goes back to the point of the fact that the immigration judge was still concerned as to the lack of clarity with that Department of Justice. I don't see the lack of clarity. That docket report indicates two distinct charges, which Petitioner's Counsel referenced. Yes, there are two distinct charges. One of them is 273.5, and the other one is 245A. And then there's one arrest, and that's 187A for attempted murder. But I don't see the charge of attempted murder. Unless you can show me where the charge of attempted murder is, can you? No, Your Honor, but the immigration judge is permitted to consider arrest in his general character determination. But at the same time, the immigration judge stated that if the record is unclear as to this and just laid out specifically. Well, in a way where we are is the I.J. doesn't ever actually have a lawyer in front of him saying, listen, Your Honor, look at the record here and have the conversation that you and I are having. Your Honor, do you understand the difference in California between a charge and an arrest? And as I look at the record here, she was arrested. I mean, the police arrest people all the time. And then on due consideration, some of the arrests don't result in charges. I mean, that conversation never took place because I'm sympathetic with the I.J. I mean, there were delay, delay, delay, delay. But in the end, he never gives a lawyer a chance to just kind of lead him through the record. Well, the petitioner's counsel, at that time when the immigration, when her petitioner's counsel presented the California background check clarifying those two dismissed charges, the immigration judge stated that it's still unclear as to the disposition of that 187A charge. And then the. . . I understand the district judge thought it was unclear. The problem is that he never gave her lawyer a chance to come in and do it. Or I'll say it this way. Chance after chance. But then in the end, he just says, I'm going to do it. I don't want to hear from you. Well, ultimately, after that conversation, as to that, after he stated that the immigration judge stated it was unclear, he asked the attorney. The attorney simply responded, I understand, Your Honor, and then proceeded to request the continuous. That attorney had that opportunity to walk the immigration judge through the record. Could I ask you one more question? The fact that the judge could consider an arrest doesn't mean that that was what he based his decision on. Didn't he base his decision on the fact that she was charged with attempted murder and that the disposition of the attempted murder charge is unclear? So whether he might have done the same thing based on an arrest is unclear, but what is clear is he's basing his decision on an erroneous premise that she was charged with attempted murder. Yeah, I understand. To your point, the immigration judge specifically says unclear from the record as to whether any criminal charges remain outstanding against such a spot. Yes, but he says one of the reasons that he gives, he says that she was, quote, charged on June 24th, arrested on June 24th and charged with attempted murder. And then he says the disposition of the attempted murder charge is unclear, but she was never charged with attempted murder. Right? There's no, I think you can see that. Yes, and from the record, there's no corresponding, ultimately, charge. He based his decision, whether he could have simply said, oh, she was just arrested, and I want to consider the arrest as a basis for my decision. He doesn't say that. He's basing it on premise, an erroneous premise that she was charged with it. Why don't you just send it back so he could consider it, agree to send it back so he could consider it, whether to exercise discretion based on a correct understanding of the fact? You know, one of the things that you risk here is you could make bad law for yourself. I guess the immigration judge viewed it that there was an arrest, a serious arrest relating to a serious, I guess there was an error in terms of his act. Whatever he had in his head, we know what he said. And he was relying on the fact that she was charged. Okay. Unless you want to say we agree to a remand, I think we've heard what you had to say. Thank you for your time, Your Honor. I don't want to say we agree to a remand. Thank you for your time, Your Honor. Here's your opportunity. Thank you. We'll keep the argument open for 24 hours. You can send us a letter. I appreciate that. Thank you. You should talk to someone in the Senate Department. The difficulty, I think you understand, this case is submitted, will be submitted when we hear the other argument, and we're going to rule. We won't be in doubt. We'll make a ruling. Do you understand? I understand that. And on the basis of this record, you can predict from the questions what the ruling will have to be. Thank you for your time. Just to be clear, I said we'll leave the argument open for 24 hours. No, I think we've heard. Don't worry. We're not expecting a letter. Thank you.  Thank you. Would you like a minute? If I may, Your Honors. I don't think you need a minute. Your Honor, just two points real quickly. That's how a lot of people lose cases if they've won. Go ahead. Go ahead and make a try. Okay. I just want to point out that, you know, he said two things I think were really important. One is that the judge can weigh this factor. You know, it looks like we're in agreement that there was an error of fact. You have to weigh the factors. He didn't weigh any factors here. When you do this, you've got to give that opportunity to present the good and the bad. A hearing, weigh the factors. Nothing was ever weighed here. You know what the difficulty is? And from your perspective, the timeline, you say it doesn't matter. But she knew the facts at all times, didn't she? Yes, Your Honor, and I believe she did present the evidence that she could establish. Yeah, but wait. Did she do it timely? Every time the judge said come back with something, I believe she came back with what she needed to come back. All right. Here's the hazards of standing up. The weakness from your side is she replaces lawyer after lawyer after lawyer. In the beginning, I'm not holding against her. The early lawyers that they had totally deserved her. Familiar cases of misleading and fraud by immigration lawyers. It's a sad, sad story. But later on, she had lawyers who, three of them, said, you know, she's not cooperating. I can't continue. I do agree. I hope she continues to cooperate with you. Yes, Your Honor. And the second point, Your Honor, is just that this court's precedent in Sandoval-Lewis does say that when a record is inconclusive, a petitioner meets their burden of establishing removability. So even if it's true that this record is unclear, it's inconclusive, that meets her burden. Yes, but her conduct is pretty well documented. Do you disagree with anything? Your Honor, I don't disagree that she did go through several attorneys and there was an issue perhaps of not cooperating. Perhaps. Is it yes or no? The judge granted the motions to withdraw, so the trier-fac here found that, yes, she disagreed. I wasn't representing her at that time. I don't know what she was doing. But, you know, that is part of the record. I would note, though, that these issues didn't come up until later in the hearings, which was in 2004 and 2005, That's what I mean by the timeline. No, she wasn't actually arrested, though, until 2004. I mean, so previously this was never an issue in the case. 2004, and now 2012. The hazards are standing up. You're right, Your Honor. Thank you. I'll submit. Thank you. Kaspermans versus Holder is submitted for decision.
judges: Korman, Farris, Fletcher